**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| WILLIAM D. BLACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:10-cv-0322-SEB-TAB |
| | ) | |
| UNITED PARCEL SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Denying Motion for Appointment of Counsel**

The plaintiff's request for counsel, contained in his complaint, has been considered. Pursuant to 28 U.S.C. § 1915(e)(1), courts are empowered only to "request" counsel. *Mallard v. United States District Court,* 490 U.S. 296, 300 (1989). The court applies a three part inquiry when deciding whether to grant such requests for counsel. The first of these is to determine "if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). The court must deny "out of hand" a request for counsel made without a showing of such effort. *Farmer v. Haas,* 990 F.2d 319 (7th Cir.), *cert. denied*, 114 S. Ct. 438 (1993). Therefore, because the plaintiff has not identified any effort to obtain counsel, his request must be denied. Even if the court concluded otherwise with respect to whether the plaintiff had made a reasonable effort to secure representation on his own, the plaintiff is within the spectrum of "most indigent parties" because he has had a meaningful opportunity to present his claims, he has demonstrated familiarity with his claims and the ability to present them, because the issues presented by his claims are not complex, and because this does not appear to be a case in which the presence of counsel would make a difference in the outcome. *See Farmer v. Haas,* 990 F.2d 319, 322 (7th Cir. 1993); *DiAngelo v. Illinois Department of Public Aid,* 891 F.2d 1260, 1262 (7th Cir. 1989) ("[m]ost indigent parties in civil cases must fend for themselves here, attempting to persuade lawyers to take their cases and representing themselves if members of the bar think their claims weak"). Accordingly, the plaintiff's request for appointment of counsel (dkt 1) is **denied.**

**IT IS SO ORDERED.**

Date: __05/06/2010__

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

William D. Black
207 N. Pendleton Ave.
Pendleton, IN 46064

Ellen Marie Girard
Quarles & Brady LLP
ellen.girard@quarles.com

John Allen Klages
Quarles & Brady LLP
john.klages@quarles.com

Meghan E. Riley
Quarles & Brady LLP
meghan.riley@quarles.com