UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| WILLIAM D. BLACK, )<br>)<br>  Plaintiff, )<br>  vs. ) | 1:10-cv-0322-SEB-TAB |
| )<br>UNITED PARCEL SERVICE, )<br>)<br>  Defendant. ) | |

**Entry Discussing Motion to Dismiss**

Having considered the pleadings, the defendant's motion to dismiss and the arguments supporting such motion, and being duly advised, the court finds that the motion to dismiss must be **granted.** This conclusion is based on the following facts and circumstances:

1.  William Black ("Black") filed this suit against United Parcel Service, Inc. ("UPS"). Black's claims are that UPS violated provisions of the Age Discrimination in Employment Act of 1967 ("ADEA")(29 U.S.C. § 621, et seq.), that UPS engaged in retaliatory action, and that UPS breached terms of the collective bargaining agreement between UPS and his union–this last claim being a Section 301 action pursuant to the Labor Management Relations Act.

2.  UPS seeks dismissal of Black's complaint. It argues that Black's complaint fails to state a claim upon which relief can be granted. Such an argument is asserted pursuant to Ruler 12(b)(6) of the *Federal Rules of Civil Procedure*.

3.  "In ruling on Rule 12(b)(6) motions, the court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party." *In re marchFIRST Inc.,* 589 F.3d 901, 904 (7th Cir. 2009) (citing *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008)).

    a.  To survive a motion to dismiss under 12(b)(6), a plaintiff's complaint must "plead some facts that suggest a right to relief that is beyond the 'speculative level.'" *EEOC v. Concentra Health Svcs., Inc.,* 496 F.3d 773, 776-77 (7th Cir. 2007) (citing

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 560-63 (2007)). Though detailed factual allegations are not needed, a "formulaic recitation of a cause of action's elements will not do ." *Twombly,* 550 U.S. at 547.

b.  "The complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Bissessur v. Indiana University Bd. of Trustees,* 581 F.3d 599, 602 (7th Cir. 2009) (quoting *Twombly,* 550 U.S. at 557; *Tamayo,* 526 F.3d at 1084). "A claim has facial plausibility 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009)).

4.  To identify a facially plausible claim under the ADEA, a complaint must plead that the claimant: (1) was over 40 years old; (2) was meeting his employer's legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated less favorably than younger, similarly situated employees. *Griffin v. Potter,* 356 F.3d 824, 829 (7th Cir. 2004)(citing *Schuster v. Lucent Technologies, Inc.*, 327 F.3d 569, 574 (7th Cir. 2003)). In the absence of such factual content the court could not draw the reasonable inference that the employer violated the ADEA. Here, Black's complaint lacks factual content–allegations–of any of the foregoing elements. On the contrary, his complaint suggests that his employment was terminated for economic reasons–to prevent his pension from vesting. *Hazen Paper Co. v. Biggins,* 507 U.S. 604 (1993), holds that an employer's decision to take an adverse employment action because of an employee's seniority or because an employee's pension is about to vest does not, in itself, violate the ADEA. Applying *Hazen,* it has been explained that "the ADEA prohibits discrimination on the basis of age, not salary or seniority." *Armendariz v. Pinkerton Tobacco Co.,* 58 F.3d 144, 152 (5th Cir. 1995); *see also Broaddus v. Fla. Power Corp.,* 145 F.3d 1283, 1287 (11th Cir. 1998) ("The ADEA does not prohibit an employer from making an employment decision on the basis of higher salaries, increased benefits, pension status, or claims for medical expenses even though these characteristics are often correlated with an employee's age.")(citing *Hazen Paper Co.,* 507 U.S. at 611). As to the ADEA claim, therefore, the complaint lacks facial plausibility and the UPS motion to dismiss must be **granted.**

5.  Black's complaint contains a conclusory assertion that the termination of his employment was the result of retaliation because he had reported his manager for falsifying documents. This assertion is not linked to any statutory protection which supports a cause of action. The claim of retaliation fails.

6.  Black's final claim is that UPS violated terms of the collective bargaining agreement with the union to which Black belonged.

a.  Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, permits a union employee to sue his employer for the violation of collective bargaining agreements. *Flores v. Levy Co.,* 757 F.2d 806, 808 (7th Cir. 1985). UPS argues without opposition from Black that this Section 301 claim is a "hybrid claim." *Burton v. General Motors Corp.,* 2008 WL 3853329, 2 (S.D.Ind. 2008)("A 'hybrid' claim combines a claim against the employer for breach of the collective bargaining

agreement and a claim against the union for breach of its duty of fair representation based on its decision to uphold the employer's actions in the arbitration process required by the collective bargaining agreement."). There is a six-month statute of limitations applicable to such claim, *DelCostello v. Int'l Bhd. Of Teamsters,* 46 U.S. 151 (1983); *Johnson v. Graphic Communications Int'l Union Local 303,* 930 F.2d 1178 (7th Cir. 1991).

b.    Additionally, "the Seventh Circuit has held that in order for a plaintiff to prevail on a 'hybrid section 301/fair representation suit[ ]' the plaintiff 'must have a meritorious claim against both the union and the employer; the claims are interlocking in the sense that neither is viable if the other fails.'" *Berry v. Potter,* 2008 WL 4066246, *5 (N.D.Ill. 2008)(quoting *Neal v. Newspaper Holdings, Inc.,* 349 F.3d 363, 368 (7th Cir. 2003)). There is no suggestion in Black's complaint, much less factual content suggesting facial plausibility, that his union failed in its duty of fair representation.

c.    Black's complaint shows on its face that his Section 301 claim is doomed. UPS is entitled to prevail on its motion to dismiss as to this claim.

7.    Under *Iqbal,* complaints "must provide notice," cannot be "implausible" and cannot rely on "abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross,* 578 F.3d 574, 580-81 (7th Cir. 2009). Black has not defended the legal sufficiency of his complaint, and UPS has demonstrated that its motion to dismiss (dkt 12) must be **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  07/08/2010

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana